**F I L E D**
**United States Court of Appeals**
**Tenth Circuit**

**February 6, 2007**

**Elisabeth A. Shumaker**
**Clerk of Court**

**UNITED STATES COURT OF APPEALS**

**TENTH CIRCUIT**

UNITED STATES OF AMERICA,

      Plaintiff-Appellee,

v.

DUSTIN KURT AMOS,

      Defendant-Appellant.

No. 06-8027

(D.C. No. 05-CR-124-ABJ)

(D. Wyoming)

**ORDER AND JUDGMENT**[*]

Before **BRISCOE, EBEL,** and **McCONNELL**, Circuit Judges.

Defendant Dustin Amos pled guilty to one count of conspiracy to possess with

intent to distribute and to distribute methamphetamine, in violation of 21 U.S.C. §§

841(a)(1) and 846, and was sentenced to a term of imprisonment of 292 months. After

filing a timely notice of appeal, Amos's counsel, Loretta Green, filed an Anders brief and

moved to withdraw as counsel, stating that, after conscientiously examining the record,

she could find no basis for an appeal. See Anders v. California, 386 U.S. 738, 744

(1967). The government declined to submit a brief. Our jurisdiction over the appeal

---

[*] This order and judgment is not binding precedent, except under the doctrines of
law of the case, res judicata, and collateral estoppel. It may be cited, however, for its
persuasive value consistent with Fed. R. App. P. 32.1 and 10th Cir. R. 32.1.

arises pursuant to 28 U.S.C. § 1291. After examining the record, we agree with counsel that there are no meritorious issues for appeal, and therefore grant counsel's motion to withdraw and dismiss the appeal.

## I.

Between December 2002 and February 2005, law enforcement officials in Sweetwater County, Wyoming, investigated a methamphetamine distribution operation involving several individuals, including defendant Amos. The investigation revealed that Amos began personally using methamphetamine in early 2004, became addicted, and eventually began selling substantial quantities of methamphetamine in southeast Wyoming. On May 19, 2005, a federal grand jury returned an eleven-count indictment against Amos and five co-defendants. While in custody in connection with these charges, Amos escaped from a state detention facility, stole a motor vehicle, and fled to New Mexico, where he was apprehended. On January 9, 2006, Amos pled guilty, pursuant to a written plea agreement, to one count of conspiring to possess with intent to distribute and to distribute between five and fifteen kilograms of methamphetamine, in violation of 21 U.S.C. §§ 841(a)(1) and 846. On March 20, 2006, the district court sentenced Amos to 292 months' imprisonment, a term at the bottom of the applicable Guideline range. Amos subsequently filed a timely notice of appeal.

## II.

Amos's appointed counsel has filed a brief pursuant to <u>Anders</u> stating that she could find no error in the district court's acceptance of Amos's guilty plea, or in the

district court's calculation or imposition of Amos's sentence. Amos was afforded an opportunity to respond to the Anders brief, but failed to do so.

We have fully examined the record of the district court proceedings as required by Anders, and conclude that the appeal is frivolous. During the change of plea hearing the district court, consistent with Federal Rule of Criminal Procedure 11(b)(1), informed Amos of his rights, the nature of the charges against him, and the maximum and minimum penalties he faced. The district court also questioned Amos and his counsel to establish that Amos was fully competent to enter a plea, and that his plea was knowing, voluntary, and supported by a factual basis. At the subsequent sentencing hearing, Amos's attorney conceded the serious nature of the offense of conviction and Amos's lengthy criminal record, but asked the district court to depart downward pursuant to U.S.S.G. § 5K2.13 on the grounds that Amos had long suffered from bipolar disorder and that the disorder contributed substantially to Amos's involvement in the drug-trafficking conspiracy. The district court, however, noted that there was no evidence before it indicating that Amos's bipolar disorder, rather than his voluntary use of methamphetamine, contributed substantially to his commission of the offense of conviction. Accordingly, the district court properly concluded that it "should not depart below the applicable guideline range" pursuant to U.S.S.G. § 5K2.13 "if the significantly reduced mental capacity was caused by the voluntary use of drugs or other intoxicants, which appears to [have] be[en] the case here." ROA, Vol. 4 at 34. Finally, the district court carefully considered the factors outlined in 18 U.S.C. § 3553(a) before imposing a

sentence at the bottom of the guideline range and crediting Amos with the time he had served prior to the sentencing hearing.

Counsel's motion to withdraw is GRANTED and the appeal is DISMISSED.

Entered for the Court


Mary Beck Briscoe
Circuit Judge